**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1162
_____

THOMAS ROGER WHITE, JR.; PATRICIA CAULEY,
on behalf of themselves and all others similarly situated

v.

SAMSUNG ELECTRONICS AMERICA, INC.;
SONY ELECTRONICS INC.

Samsung Electronics America, Inc.,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-17-cv-01775)
District Judge: Honorable Madeline C. Arleo

_____

Argued
December 6, 2022

Before: SHWARTZ, MATEY, and FUENTES, *Circuit Judges*

(Filed: March 7, 2023)

Javier Bleichmar [ARGUED]
Bleichmar Fonti & Auld
7 Times Square
27th Floor
New York, NY 10036
    *Counsel for Appellees Thomas Roger White, Jr. and Patricia Cauley*

Simon J. Frankel* [ARGUED]
Covington & Burling
415 Mission Street
Suite 5400
San Francisco, CA 94105

John A. Boeglin
Covington & Burling
850 10th St., N.W.
One City Center
Washington, DC 20001

Brielle A. Basso
Michael R. McDonald
Gibbons
One Gateway Center
Newark, NJ 07102
    *Counsel for Appellant*

---

* Attorney Simon J. Frankel argued the appeal, but withdrew his appearance on 02/27/2023.

---

OPINION OF THE COURT

---

FUENTES, *Circuit Judge*.

In this putative class action, the District Court for the District of New Jersey determined that defendant Samsung Electronics America, Inc. (Samsung) waived its right to arbitrate. Samsung appeals the District Court ruling, arguing that *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022), abrogated this Court's prejudice-based approach to analyzing waiver of arbitration rights and requires reversal. Because we conclude that Samsung waived its arbitration rights under *Morgan*, we will affirm the order of the District Court.

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs are owners of Samsung SmartTVs who allege that Samsung, among others, was illegally monitoring their usage of Internet-enabled services on their televisions.[1] They claimed that Samsung SmartTVs used automatic tracking software to collect personally identifying information about them, such as the videos or streaming services they watch, and transmit that data to third party advertisers and data brokers. In turn, these third parties allegedly used the collected information to display targeted advertisements to consumers.

---

[1] All defendants except for Samsung and SONY Electronics, Inc. were dismissed from the action upon consent of the parties. The claims against SONY were eventually severed from those against Samsung and dismissed with prejudice.

>When setting up their SmartTVs, plaintiffs had to agree to certain Terms and Conditions to access the Internet-enabled services. On some SmartTVs, the Terms and Conditions contained the following arbitration provision:
>>By using the Services, the User unconditionally consents and agrees that: (a) any claim, dispute or controversy (whether in contract, tort, or otherwise) the User may have against any Samsung entity . . . arising out of, relating to, or connected in any way with the Services or the determination of the scope or applicability of this clause, will be resolved exclusively by final and binding arbitration[.][2]
>
>According to Samsung, not all of its SmartTVs have arbitration provisions.[3] Samsung is able to tell by the Model Number on a SmartTV whether that Model contains an arbitration clause in the Terms and Conditions. The Serial Number specific to each SmartTV can be used to confirm whether a user agreed to the Terms and Conditions.
>
>In their 2017 complaint, then-plaintiffs Thomas Roger White, Jr., David Espinoza, and Christopher Mills did not provide the Model or Serial Numbers for their SmartTVs. It was clear from this complaint, however, that plaintiffs were SmartTV users who were able to access Internet-enabled services, which they claimed Samsung was unlawfully monitoring. Defendants jointly moved to dismiss the complaint, but the parties agreed to a stay and administrative

---

[2] JA 4, 658, 661.
[3] Only one of White's TVs had an arbitration provision.

termination of the case. In order to reactivate the case, plaintiffs were directed to file a letter with the Court by December 2017 requesting that the case be restored, along with a proposed amended complaint for filing. The case was reactivated and in January 2018 plaintiffs submitted a proposed amended complaint.

Defendants moved again to dismiss the amended complaint, arguing that plaintiffs had not resolved the insufficiencies of the original complaint, and that plaintiffs failed to meet federal pleading standards for stating a claim as to each count. While that motion was pending, defendants submitted a proposed discovery plan in which they did not mention a possible right to arbitrate. Defendants also moved for a stay pending the outcome of their motion to dismiss, which was granted.

In April 2018, prior to the District Court's decision on the motion to dismiss, plaintiffs submitted their initial disclosures, which contained the Model and Serial Numbers for all of plaintiffs' SmartTVs.[4] Thereafter, the Court granted the motion to dismiss in full, and plaintiffs indicated that they would submit a second amended complaint. Plaintiffs filed a second amended complaint in November 2018, removing former-plaintiff Mills from the action, keeping White as a plaintiff, and adding Patricia Cauley as a plaintiff. The second amended complaint included the Model Numbers for both White's and Cauley's SmartTVs, as well as the Serial Numbers for White's SmartTVs. Defendants once again moved to dismiss. The District Court granted in part and denied in part

---

[4] The Serial Number for one of White's Samsung SmartTVs was missing a number.

this motion to dismiss and dismissed all of plaintiffs' claims except for the Wiretap Act claims. Samsung moved for reconsideration of the Court's order, which was denied.

Samsung notified the Court in May 2020 that it would move to compel individual arbitration. In response, counsel for plaintiffs stated that Samsung had waived its arbitration rights. Nevertheless, Samsung filed a motion to compel arbitration in May 2020, which was denied without prejudice for docket management purposes. Samsung refiled the motion in May 2021, arguing, as relevant here, that it did not waive its right to arbitrate because "the prerequisites of waiver—extensive discovery and prejudice—are lacking, and the [relevant] factors do not support a finding of waiver."[5] Plaintiffs opposed.

The District Court denied the motion in a letter order, explaining that Samsung waived its right to arbitrate, and that compelling arbitration would cause plaintiffs to suffer significant prejudice. The District Court diligently reviewed the factors set forth in *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 926-27 (3d Cir. 1992), determining that of the six relevant factors, five weighed in favor of finding that Samsung had waived its right to arbitrate. Samsung appeals.

### JURISDICTION & STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act) and 28 U.S.C. § 1331. This Court has jurisdiction under 9 U.S.C. § 16(a)(1)(B) because the District Court's order denied a motion to compel arbitration under the Federal Arbitration Act

---

[5] JA 628.

(FAA).[6]  Our review of a district court order denying a motion to compel arbitration is plenary over the Court's determination as to "whether a party[,] through its litigation conduct, waived its right to compel arbitration."[7]  "To the extent that a district court makes factual findings" in making this determination, the Court reviews those findings for clear error.[8]

## DISCUSSION

Samsung originally argued that the District Court's holding was in error under the *Hoxworth* factors; however, while this case was pending, the Supreme Court issued a decision in *Morgan v. Sundance, Inc.*  As Samsung pointed out in supplemental briefing, in *Morgan* the Supreme Court "expressly 'rejected' the prejudice-based waiver analysis undergirding the *Hoxworth* line of cases and similar prejudice-focused approaches of other Circuits."[9]  We now analyze the facts of this case under the standard emphasized in *Morgan*.

To compel arbitration, a court must consider whether (1) "valid agreement to arbitrate exists" and (2) "the particular dispute falls within the scope of that agreement."[10]  The FAA provides that "[a] written provision . . . to settle by arbitration a controversy . . . shall be valid, irrevocable, and enforceable,

---

[6] *See O'Hanlon v. Uber Techs., Inc.*, 990 F.3d 757, 762 (3d Cir. 2021).
[7] *Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 450-51 (3d Cir. 2011) (internal quotation marks and citation omitted).
[8] *Id.* at 451.
[9] Samsung Supp. Br. at 1.  *Morgan*, 142 S. Ct. at 1712-13.
[10] *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005).

save upon such grounds as exist at law or in equity for the revocation of any contract."[11] Decades ago, the Supreme Court discussed 9 U.S.C. § 2 as "a congressional declaration of a liberal federal policy favoring arbitration agreements."[12] But as *Morgan* explained, that "phrase" "is merely an acknowledgment of the FAA's commitment to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate and to place such agreements upon the same footing as other contracts."[13] Or in another formulation: The policy is to make "arbitration agreements as enforceable as other contracts, but not more so."[14]

Simply put, *Morgan* clarified that § 2 never permitted Courts of Appeals to create "arbitration-specific variants of federal procedural rules, like those concerning waiver, based on the FAA's 'policy favoring arbitration.'"[15] Specifically, in the context of waiver of the right to arbitration, this Court and others had created tests that placed prejudice to the party not seeking arbitration as the focus of the waiver inquiry.[16] The Court stated, however, that the FAA does not authorize the

---

[11] 9 U.S.C. § 2.
[12] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).
[13] *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 302 (2010) (citation and quotation marks omitted).
[14] *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967).
[15] *Morgan*, 142 S. Ct. at 1712 (internal citation omitted).
[16] *Id.* at 1711; *see, e.g.*, *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1068-69 (3rd Cir. 1995); *Shinto Shipping Co. v. Fibrex & Shipping Co., Inc.*, 572 F.2d 1328, 1330 (9th Cir. 1978).

courts to invent arbitration-preferential rules.[17] Thus, the Court directed the Courts of Appeal to "hold a party to its arbitration contract just as the court would to any other kind[, b]ut . . . not devise novel rules to favor arbitration over litigation."[18]

In support of this directive, the Supreme Court rejected the prejudice-focused inquiry established by this and other Courts of Appeals. Instead, the inquiry for waiver of arbitration rights must be identical to the inquiry for waiver of other contractual rights.[19] Indeed, the Court emphasized that any defense existing in contract law, "whether of waiver or forfeiture or what-have-you,"[20] is available to a party resisting arbitration.[21] This result flows directly from the plain language

---

[17] *Morgan*, 142 S. Ct. at 1713; *see* 9 U.S.C. § 6 (providing that any application under the statute "shall be made and heard in the manner provided by law for the making and hearing of motions").

[18] *Morgan*, 142 S. Ct. at 1713.

[19] *Id*. at 1714 (focusing on whether the moving party "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right"); *see Simko v. U.S. Steel Corp.*, 992 F.3d 198, 205 (3d Cir. 2021) ("Waiver is the intentional abandonment of an argument."); *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146-47 (3d Cir. 2017) (applying this same waiver rule in this Circuit in a non-arbitration context); *In re RFE Industries, Inc.*, 283 F.3d 159, 164 (3d Cir. 2002) (same).

[20] That "what-have-you" list might also include, for instance, estoppel, laches, and procedural timeliness. *See Morgan*, 142 S. Ct. at 1712.

[21] *Id.* at 1713-14.

of the FAA, which states clearly that an arbitration provision is valid, except "upon such grounds as exist at law or in equity *for the revocation of any contract*."[22]  Thus, parties have the entire contractual toolbox available to them to seek to enforce or oppose an arbitration provision.

For purposes of resolving this case, we need only address one of the tools at the parties' disposal—waiver. Applying the general rule for waiver as *Morgan* directs, waiver occurs where a party has "intentional[ly] relinquish[ed] or abandon[ed] . . . a known right."[23]  In analyzing whether waiver has occurred, a "court focuses on the actions of the p[arty] who held the right"[24] and is informed by the "circumstances and context of each case."[25]  We therefore must now decide whether Samsung acted inconsistently with an intent to assert its right to arbitrate.[26]

Samsung's litigation actions here evince a preference for litigation over arbitration.  As Samsung itself states, it was aware that pursuant to its standard Terms and Conditions, certain SmartTVs require users to agree to arbitration to utilize the Internet-based services of the television.  Thus, from the outset of litigation, Samsung was on notice that plaintiffs' claims could be arbitrable, as each plaintiff had necessarily agreed to Terms and Conditions to utilize their SmartTVs' Internet-enabled services.  It was also always aware that the

---

[22] 9 U.S.C. § 2 (emphasis added).
[23] *Morgan*, 142 S. Ct. at 1713.
[24] *Id.*
[25] *Gray Holdco, Inc.*, 654 F.3d at 451.
[26] *See Nat'l Found. for Cancer Rsch. v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 774-75 (D.C. Cir. 1987).

Model and Serial Numbers of the specific TVs were necessary to determine with accuracy whether plaintiffs agreed to arbitrate their claims. Samsung's actions, despite this awareness to invoke the litigation process, demonstrates a waiver of its alleged right to arbitrate.

Samsung also continuously sought and agreed to stays in discovery—which may have resulted in receipt of the necessary Model and Serial Numbers—to pursue motions to dismiss on the merits. Those motions to dismiss were favorable to Samsung, resulting in all but one claim being dismissed. On the surviving claim, Samsung moved for reconsideration. Although motions to dismiss will not always evince an intent to litigate instead of arbitrate,[27] Samsung clearly sought to have this case dismissed by a court on the merits. Only after it was apparent that further litigation would be required, and it could not get the case fully dismissed before discovery, did Samsung attempt to arbitrate the remaining claim.

Samsung also engaged in multiple instances of non-merits motion practice and acquiesced to the District Court's pre-trial orders. Considering just the activity after the filing of the second amended complaint, Samsung submitted an unopposed pro hac vice application, sought leave to file a reply in further support of its motion for reconsideration, requested additional time to file a response to the second amended

---

[27] *Cf. Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 596-98 (3d Cir. 2004) (defendant did not waive its right to arbitrate when it moved to compel arbitration within 22 days of filing its motion to dismiss on procedural grounds, for insufficiency of process).

complaint, and filed a motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). It further assented to all of the District Court's pre-trial orders and participated in numerous court conferences.

Several facts compound this apparent preference for litigation. First, as part of the discovery plan, the parties were asked if the case was subject to court-annexed arbitration. While this particular case would not necessarily be subject to that form of arbitration, arbitration was mentioned in the plan and completeness would suggest that Samsung should have disclosed that another type of arbitration may be applicable. Samsung did not inform plaintiffs of the potential for arbitration at any point during the litigation before May 2020, when it informed them seven days in advance that it intended to raise it to the Magistrate Judge. Next, plaintiffs provided Samsung with Model and Serial Numbers for plaintiffs' SmartTVs in their April 2018 initial disclosures.[28] Given that all plaintiffs had activated their SmartTVs, Samsung should have been aware at this point, given the Model Numbers, that plaintiffs had agreed to arbitrate their claims. By November 2018, Samsung had the Model Number for newly added plaintiff Cauley's Samsung television. Thus, by November 2018, Samsung should have known definitively that plaintiffs had agreed to arbitrate in this case.[29] Samsung,

---

[28] JA 758, 760 ("Thomas Roger White, Jr.: Samsung, Model No. UN55KU6300F, Serial No. 05HX3CAHB11790N; . . . Samsung, Model No. UN32J5500AF, Serial No. 03NL3CGG90593M").

[29] By November 2018, Samsung knew plaintiffs' SmartTV Model Numbers and that plaintiffs used the smart features on their SmartTVs. So, Samsung had the requisite information

however, continued to pursue dismissal on the merits through litigation. Samsung's pursuance of dismissal of the action and failure to notify plaintiffs or the Court of its right to arbitrate, prior to May 2020, demonstrated a decision to pursue the benefits of litigating its arbitrable claims and is inconsistent with an intent to arbitrate. Contrary to Samsung's contention, a motion to compel arbitration—or at the very least notice of an intent to seek arbitration—would not have been "futile."[30]

Through its actions expressing an intent to litigate, Samsung waived its right to arbitration. As the District Court noted, Samsung is "a large and sophisticated corporate leader in electronics" and as such is "uniquely positioned to . . . know exactly which models had arbitration agreements for its products."[31] Therefore, even without the Serial Numbers, Samsung should have known it could arbitrate plaintiffs' claims and yet expressly went forward with litigation. There is no clear error in the factual findings of the District Court and, pursuant to *Morgan*, Samsung waived its right to arbitrate.

### CONCLUSION

For the foregoing reasons, we will affirm the District Court's order holding that Samsung waived its right to arbitrate.

---

to determine that plaintiffs' SmartTVs had an arbitration provision based on the Model Numbers, and that plaintiffs consented to arbitration in order to use the smart features.
[30] Samsung Opening Br. at 19-20, citing *Chassen v. Fidelity Nat'l Fin., Inc.*, 836 F.3d 291 (3d Cir. 2016).
[31] JA 5.